# 25-3142-cr

_____

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,

Appellee,

-v-

JONATHAN JOSHUA MUNAFO,

Defendant-Appellant.

_____

On Appeal from the United States District Court
For the Northern District of New York

---

**Brief for Defendant-Appellant
Jonathan Munafo**

---

James P. Egan
Assistant Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

# Table of Contents

Table of Authorities..............................................................................ii

Jurisdictional Statement......................................................................1

Statement of the Issues Presented ......................................................1

Statement of the Case .........................................................................2

Summary of the Argument ..................................................................7

Argument.............................................................................................8

  1.  The district court abused its discretion by considering the perceived need for retribution when imposing a 7-month prison sentence and 24-month term of supervised release for Munafo's violations of supervision..........................................................................................8

    A.  Standard of review..................................................................8

    B.  Discussion .............................................................................11

  II.  The case should be remanded because the thirteen standard conditions of supervised release included in the written judgment were not previously disclosed to Munafo or orally pronounced at sentencing. ...............................................................................17

Conclusion .........................................................................................20

Certificate of Compliance..................................................................22

Certificate of Service .........................................................................23

i

# Table of Authorities

**Cases**

*Esteras v. United States,*
606 U.S. 185 (2025) .............................................................. 12, 14

*Levine v. Apker,*
455 F.3d 71 (2d Cir. 2006) ............................................................ 16

*Tapia v. United States,*
564 U.S. 319 (2011) .......................................................................... 12

*United States v. Aldeen,*
792 F.3d 247 (2d Cir. 2015) ........................................................... 8

*United States v. Burden,*
860 F.3d 45 (2d Cir. 2017) ........................................................... 15

*United States v. Chestnut,*
989 F.3d 222 (2d Cir. 2021) ........................................................ 17

*United States v. Halls,*
2025 WL 2793376 (2d Cir. Oct. 1, 2025) ................................... 20, 20

*United States v. Hobdy,*
692 Fed.Appx. 652 (2d Cir. 2017) .............................................. 16-17

*United States v. Jacques,*
321 F.3d 255 (2d Cir. 2003) ......................................................... 18

*United States v. Maiorana,*
153 F. 4th 306 (2d Cir. 2025) (en banc) .............................. 17, 19, 20

*United States v. Mazza-Alaluf,*
621 F.3d 205 (2d Cir. 2010) ........................................................ 16

*United States v. McCrimon,*
788 F.3d 75 (2d Cir. 2015) ............................................................ 9

*United States v. McNeil,*
  415 F.3d 273 (2d Cir. 2005) ................................................................ 8

*United States v. Olano,*
  507 U.S. 725 (1993) ........................................................................... 9

*United States v. Quinones,*
  511 F.3d 289 (2d Cir. 2007) ............................................................... 9

*United States v. Rosario,*
  386 F.3d 166 (2d Cir. 2004) ............................................................. 18

*United States v. Simmons,*
  150 F.4th 126 (2d Cir. 2025) ........................................................... 17

*United States v. Simmons,*
  343 F.3d 72 (2d Cir. 2003) ............................................................... 10

*United States v. Sofsky,*
  287 F.3d 122 (2d Cir. 2002) ......................................................... 9, 10

*United States v. Truscello,*
  168 F.3d 61 (2d Cir. 1999) ............................................................... 18

*United States v. Villafuerte,*
  502 F.3d 204 (2d Cir. 2007) ............................................................. 10

*United States v. Williams,*
  399 F.3d 450 (2d Cir. 2005) ............................................................. 10

*United States v. Williams,*
  443 F.3d 35 (2d Cir. 2006) ............................................................... 12

*United States v. Yilmaz,*
  910 F.3d 686 (2d Cir. 2018) ............................................................... 9

*United States v. Washington,*
  904 F.3d 204 (2d Cir. 2018) ............................................................. 17

**Statutes**

iii

18 U.S.C. § 875 ........................................................................ 2

18 U.S.C. § 3231 ...................................................................... 1

18 U.S.C. § 3553 ...................................................... 11, 12, 13, 14

18 U.S.C. § 3583 ........................................ 6, 12, 13, 15, 19, 20

18 U.S.C. § 3742 ...................................................................... 1

28 U.S.C. § 1291 ...................................................................... 1

## Sentencing Guidelines

U.S.S.G. § 5D1.3 ............................................................... 18-19

## Federal Rules

Fed. R. Crim. P. 32 ................................................................ 22

Fed. R. Crim. P. 43 ................................................................ 18

Fed. R. Crim. P. 52 ............................................................. 9-10

iv

## Jurisdictional Statement

This appeal is taken from a judgment on revocation entered against the Defendant-Appellant Jonathan Munafo in the United States District Court for the Northern District of New York, by the Honorable Anne M. Nardacci, United States District Judge, on December 1, 2025. A 86.[1] The district court had subject matter jurisdiction, pursuant to 18 U.S.C. § 3231, because this was a criminal case alleging violations of federal supervised release. A 50. Jurisdiction is invoked in this Court pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. A notice of appeal was timely filed on December 12, 2025. A 91.

## Statement of the Issues Presented

1. Whether the district court, after revoking Munafo's term of supervised release, abused its discretion by basing the imposition of a 7-month term of imprisonment and 24-month term of supervised release on the perceived need for retribution.

2. Whether the case should be remanded because the thirteen standard conditions of supervised release included in the written

---

[1] Citations to the Appendix are to the page numbers inserted therein.

1

judgment were not previously disclosed by the district court or orally pronounced at sentencing.

## Statement of the Case

Jonathan Munafo appeals from a judgment of the Northern District of New York entered on December 1, 2025, revoking his supervised release and sentencing him to 7 months' imprisonment with 24 months' supervised release to follow. A 86-88. A notice of appeal was timely filed on December 12, 2025. A 91. The Office of the Federal Public Defender was continued by this Court as counsel to Munafo on this appeal, pursuant to the Criminal Justice Act.

On October 26, 2022, Munafo was sentenced in the Western District of Michigan to 24 months' imprisonment and 3 years' supervised release following a conviction for interstate threatening communications, in violation of 18 U.S.C. § 875(c). A 14-16. His prison sentence was reduced to 21 months on August 5, 2024, pursuant to Amendment 821 of the Sentencing Guidelines, which had the effect of reducing his original Criminal History Category II to Category I. A 29-31.

2

He began his initial term of supervised release on January 20, 2025.[2]  A 50.  On April 11, 2025, jurisdiction was transferred to the Northern District of New York.  A 56.

Munafo's compliance with the conditions of supervision has been inconsistent.  As noted by the Probation Office, "Munafo has an extensive history of mental health and substance abuse issues."  A 56.  He was prescribed Prozac and Abilify while incarcerated to manage his bipolar disorder and ADHD.  A 56.  Unfortunately, he was not provided medication upon his initial release from custody.  He was able to obtain Prozac shortly after his release, but nothing in the record indicates he was ever able to obtain Abilify while on supervision.

After testing positive for cocaine on March 18, 2025, Munafo was ordered to complete 25 hours of community service and several special conditions were added to his supervision, including conditions relating to property searches, financial disclosures, mental health and substance abuse treatment, and alcohol prohibition.  A 56.

---

[2] Munafo received a pardon on January 20, 2025, for separate offenses relating to his conduct at the United States Capital in Washington, D.C. on January 6, 2021.

3

On May 12, 2025, Munafo admitted to using methamphetamine and K2. He originally told his Probation Officer that a friend put crystal meth in a bottle of water that he knowingly consumed, but he later confessed to receiving methamphetamine in exchange for sex. A 57. During a meeting with the Probation Officer, Munafo admitted that he had been awake for the past several days and believed he was in a methamphetamine-induced psychosis. A 57. He apologized for his impulsivity and lack of self-control, expressing a belief that an Abilify prescription would aid his recovery and help manage his mental health. A 57. While his Probation Officer attempted to arrange his placement in treatment, Munafo further admitted to traveling out of the district without permission to attend a political conference in Washington, D.C., in February 2025. A 57.

After several failed attempts to find suitable placement in a treatment facility, Munafo eventually began a dual diagnosis program on May 19, 2025. A 58. On May 20, the Probation Officer was told that Munafo had been "administratively, unsuccessfully discharged from the program" because he was wearing a shirt that violated the institution's

dress code and called several staff members "liars" and "traitors." A 58. Munafo also repeatedly told staff members that "he does not have a substance abuse problem and was only in treatment to fulfil a legal obligation." A 58.

The Probation Office filed the instant revocation petition on May 21, 2025. The petition alleged three violations: (1) failure to refrain from unlawful drug use; (2) failure to remain in the district; and (3) failure to participate in a substance abuse program. A 50-51.

The parties filed letters prior to the revocation hearing, agreeing that Munafo would admit to Violations 1 and 2 and should be sentenced to time served with no supervision to follow. A 60-62. Defense counsel further noted that "much of the problems [Munafo] experienced since [his release] have been directly related to his mental health." A 62.

The district court held a revocation hearing on November 21, 2025. In accordance with the parties' agreement, Munafo admitted to Violations 1 and 2. A 70-72. The parties repeated their request for a prison sentence of time served with no additional term of supervision. A 72-74. The Probation Officer recommended an additional term of

supervised release "given his mental health concerns [and] his brief period on supervision which resulted in substance use." A 74.

After hearing from the parties, the court imposed a sentence of 7 months' imprisonment to be followed by 24 months' supervision based on the following reasons:

> The Court chose a sentence within the applicable guideline range to reflect your breach of the trust of this Court, and after the Court has considered the relevant factors as outlined in 18 United States Code, Section 3583(e). Specifically, the Court notes the defendant's significant history of substance use and his admission to illicit drug use while on supervised release.
>
> The Court is also concerned about the defendant's admission to traveling out of the jurisdiction without prior approval from the probation office, and it should be noted that the Court is also concerned about the defendant's lack of willingness to comply with inpatient treatment, which lasted approximately 24 hours.
>
> Court believes that the sentence adequately reflects the seriousness of the violation conduct and provides just punishment for that conduct.

A 77.

The district court stated that while serving his 24-month term of supervised release, Munafo will be required to "comply with the standard conditions that have been adopted by this Court." A 77-78. Munafo will

6

also have to adhere to six special conditions, which, unlike the standard conditions, were disclosed prior to sentencing and explained by the district court. A 78-82, 90.

Defense counsel objected to the Court's consideration of the conduct underlying Violation 3. A 83. The district court responded that it referenced the "violation conduct that was alleged for Violation Number 3, but [did] not rely on that in determining Mr. Munafo's sentence." A 84.

## Summary of the Argument

The district court abused its discretion by considering the perceived need for retribution when revoking Munafo's supervised release and imposing an additional 7-month term of imprisonment and 24-month term of supervision. Although Munafo did not object below, the Supreme Court, abrogating this Court's prior decision to the contrary, has recently made clear that retribution is not a proper consideration when revoking a defendant's supervised release and imposing a sentence. Because the district court was primarily concerned with punishing Munafo's prior misconduct, this Court should remand for plenary resentencing. Even if this Court affirms Munafo's 7-month term of imprisonment and 24-

7

month term of supervised release, this Court should still remand the case because the thirteen standard conditions of supervision included within the written judgment were never previously provided by the district court to Munafo or orally pronounced at sentencing.

## Argument

**1. The district court abused its discretion by considering the perceived need for retribution when imposing a 7-month prison sentence and 24-month term of supervised release for Munafo's violations of supervision.**

## A. Standard of review

Sentences imposed for violating terms of supervised release are reviewed under "the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). "Reasonableness" has procedural and substantive components and amounts to abuse of discretion. *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015). "This standard incorporates *de novo* review of questions of law, including our interpretation of the Guidelines, and clear error review of questions of fact." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).

Because Munafo did not object, his sentence would ordinarily be reviewed on appeal under the plain error standard. Fed. R. Crim. P. 52(b); *United States v. Quinones*, 511 F.3d 289, 316 (2d Cir. 2007). Plain error review asks whether (1) the district court committed error; (2) the error was plain; and (3) the error affected his substantial rights. If this showing is made, the decision to grant relief lies in this Court's discretion, which will not be exercised unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citations omitted).

However, this Court has relaxed the full rigors of plain error review in the sentencing context. *See United States v. Sofsky*, 287 F.3d 122, 125-126 (2d Cir. 2002); *United States v. McCrimon*, 788 F.3d 75 (2d Cir. 2015). This Court is more likely to apply a less rigorous standard of review to errors occurring at sentencing because "noticing unobjected to errors that occur at trial precipitates an entire new trial that could have been avoided by timely objection, whereas correcting a sentencing error results in, at most, only a remand for resentencing." *See Sofsky*, 287 F.3d at 125-26 (citing *United States v. Leung*, 40 F.3d 577, 586 n.2 (2d Cir.

9

1994); *United States v. Baez*, 944 F.2d 88, 90 n.1 (2d Cir. 1991)). *See also United States v. Williams*, 399 F.3d 450, 455-57 (2d Cir. 2005) (comparing the costs and effects of correcting unpreserved trial errors with correcting unpreserved sentencing ones). This Court has also been more willing to relax the strict rigors of review under Rule 52(b) when the challenging party was not afforded advance notice of the alleged error. *See Sofsky*, 287 F.3d at 125 ("We have entertained on an appeal by the Government an unobjected to sentencing error without any consideration of plain error standards because the Government had no prior notice that the challenged aspect of the sentence would be imposed.") (citing *United States v. Alba*, 933 F.2d 1117, 1120 (2d Cir. 1991)); *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007) (acknowledging the use of a less rigorous analysis of sentencing issues) (citing *United States v. Gilmore*, 471 F.3d 64, 66 (2d Cir. 2006)); *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003) (same). Because Munafo had no advance warning that the district court would base its revocation sentence on a concern for imposing a just punishment for the

10

violation conduct, this Court should apply the less rigorous standard outlined in *Sofsky*.

## B.    Discussion

When imposing a sentence following a conviction, Congress requires courts to consider, among other things, the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).    "These four considerations – retribution, deterrence, incapacitation, and rehabilitation – are the four purposes of sentencing generally, and a court must fashion a sentence 'to achieve the[se] purposes . . . to the extent that they are applicable' in a given case." *Tapia v. United States*, 564 U.S. 319, 325 (2011) (quoting 18 U.S.C. § 3551(a)).

11

When revoking a term of supervised release, Congress directed courts to consider a more limited set of factors. As relevant here, Congress omitted the subsection relating to retribution from the list, 18 U.S.C. § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(2) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (A)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . ."). As the Supreme Court recently clarified, this means that when a court revokes supervision pursuant to 18 U.S.C. § 3583(e)(3), a court may not consider retribution. *Esteras v. United States*, 606 U.S. 185, 204 (2025) ("District courts may revoke a term of supervised release after considering the factors enumerated in § 3583(e). Because § 3553(a)(2)(A) is excluded from that list, district courts may not consider it."). Is so holding, the Supreme Court abrogated this Court's prior decision to the contrary in *United States v. Williams*, 443 F.3d 35 (2d Cir. 2006). *See Esteras*, 606 U.S. at 190 n.1.

This same limitation applies to the length of additional supervision a court imposes following revocation. When a court sentences a defendant to prison following the revocation of supervised release, "the

12

court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). Subsection § 3583(c) guides a court's decision in determining whether to impose a term of supervised release: a "court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." The same retribution factor of § 3553(a)(2)(A) is absent.

To be sure, the Supreme Court in *Esteras* held that 18 U.S.C. § 3583's limitation on considering retribution applies "only to the 'offense,' and 'offense' here can mean only the underlying criminal conviction . . . ." *Id.* at 194 n.5. However, "[b]ecause the [*Estares*] majority frames the question as one about retribution for the original offense, it never decides whether the supervised-release statute precludes courts from exacting retribution for the defendant's supervised-release violation." *Esteras*, 606 U.S. at 204-205 (Sotomayor, J., concurring).

13

"Yet the answer to that question is straightforward. . . . [T]he supervised-release statute does not permit consideration of § 3553(a)(2)(A). That means courts may consider only the remaining eight enumerated factors, none of which contain any reference to retribution." *Id.* (Sotomayor, J., concurring). *See also Id.* at 204 (Sotomayor, J., concurring) ("In specifying the factors courts should consider before revoking a term of supervised release, Congress cross-referenced eight out of the ten familiar § 3553(a) factors, including three of the four purposes of sentencing: deterrence, incapacitation, and rehabilitation. 'Conspicuously missing' from the supervised-release statute, however, 'is § 3553(a)(2)(A),' which describes the retributive purpose of punishment. The straightforward inference, as we have said twice before, is that 'Congress has expressly precluded district courts from considering the need for retribution' in supervised release proceedings.") (cleaned up).

The district court violated this limitation. In explaining its selection of a 7-month prison sentence and 24-month term of supervised release, the district court stated that it "believes that the sentence adequately reflects the seriousness of the violation conduct and provides

14

just punishment for that conduct." A 77. Congress did not authorize sentencing courts to consider these retributive purposes when revoking supervised release. A 89. Because none of the Section 3583(e)(3) factors involve "the seriousness of the violation" or the "just punishment for the conduct," this Court should hold that the district court erred in considering these retributive factors when revoking Munafo's supervision and imposing sentence.

Although Munafo has recently completed the prison component of his sentence, his appeal is not moot for two reasons. First, the district court relied on retribution in fashioning the length of both imprisonment *and* supervised release. *See United States v. Burden*, 860 F.3d 45, 57 (2d Cir. 2017) (noting district courts, "understandably, often provide only one explanation for the entirety of a sentence."). So, at the very least, Munafo's appeal is not moot as to the district court's reliance on retribution in determining the length of his supervised release. Second, on remand, the district court would be free to reduce the term of supervision by the portion of the 7-month prison sentence that was based on the court's improper consideration of retribution. *See United States v.*

15

*Mazza-Alaluf,* 621 F.3d 205 (2d Cir. 2010) ("Further, as two years' supervised release was not the statutory minimum for the crimes of conviction, the district court could presumably lower Mazza–Alaluf's remaining, non-custodial sentence were we to remand."); *Levine v. Apker,* 455 F.3d 71, 77 (2d Cir. 2006) ("If Levine prevails on this appeal and we remand to the district court for further proceedings, the fact that the district court might, because of our ruling, modify the length of Levine's supervised release would constitute 'effectual relief.' A case or controversy thus exists, as the parties, who have not raised the issue of mootness, have continued to assume."); *United States v. Hobdy*, 692 Fed.Appx. 652 (2d Cir. 2017) (unpublished) (holding appeal not mooted where district court's statements that "'I hope this is the last time I see you and that you complete your term of supervised release after you serve a little more time in prison here' failed to demonstrate a merely 'remote and speculative possibility' that the district court would reduce Hobdy's term of supervised release on remand."). *But see United States v. Chestnut,* 989 F.3d 222, 224 (2d Cir. 2021) (finding appeal of completed

16

prison sentence moot); *United States v. Simmons*, 150 F.4th 126, 135 (2d Cir. 2025) (same).

> **II.** **The case should be remanded because the thirteen standard conditions of supervised release included in the written judgment were not previously disclosed to Munafo or orally pronounced at sentencing.**

## A. Standard of Review

"'[W]hether the spoken and written terms of a defendant's sentence differ impermissibly' is 'a question of law'" that this Court reviews *de novo*. *United States v. Maiorana,* 153 F. 4th 306, 309 (2d Cir. 2025) (en banc) (quoting *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018)). Likewise, "when the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed, [this Court will] review the issue de novo even if the defendant failed to raise an objection in the district court." *Washington*, 904 F.3d at 207*, cited in Maiorana*, 153 F.4th at 310.

## B. Discussion

Both the Constitution and the Federal Rules of Criminal Procedure guarantee the defendant a right to be present during sentencing. *United*

*States v. Jacques,* 321 F.3d 255, 262 (2d Cir. 2003) (citing *United States v. A-Abras Inc.,* 185 F.3d 26, 29 (2d Cir. 1999)); Fed. R. Crim. P. 43(a).[3] Given this right, if a variance exists between the oral pronouncement of a sentence and the written judgment of conviction, the oral sentence controls. *Id.* Any "burdensome punishments or restrictions" appearing in the written judgment that were not pronounced orally must be removed. *United States v. Rosario,* 386 F.3d 166, 168 (2d Cir. 2004).

Until recently, standard conditions of supervised release set forth in U.S.S.G. § 5D1.3(c) could be included in the written judgment even if they were not orally pronounced at sentencing. *See United States v. Truscello,* 168 F.3d 61, 63 (2d Cir. 1999). However, this Court recently reversed course and held that "a sentencing court intending to impose non-mandatory conditions of supervised release, including the 'standard' conditions described in § 5D1.3(c), must notify the defendant during the sentencing proceeding; if the conditions are not pronounced, they may not later be added to the written judgment." *Maiorana,* 153 F.4th at 314.

---

[3]Absent an exception, the defendant's presence is required at sentencing. Fed. R. Crim. P. 43(a)(3).

18

The sentencing court is not required to "read the full text of every condition on the record." *Id.* However, "as part of the pronouncement of the sentence in the presence of the defendant during the sentencing proceeding, expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court." *Id.*

Here, the district court did not follow this procedure and only told Munafo that he was required to "comply with the standard conditions that have been adopted by this Court . . . ." A 77-78. At the time of Munafo's sentencing, the thirteen standard conditions of supervision included in the written judgment were set forth in the Northern District of New York's General Order #23, but 18 U.S.C. § 3583 "and the Guidelines prohibit the kind of mandate imposed by General Order #23." *United States v. McAdam*, 165 F.4th 688, 696-697 (2d Cir. 2026). "General Order #23 purports to override these rules [of § 3583(d)] and require imposition of certain discretionary conditions. That, it cannot do." *Id.* at 697. *See also United States v. Halls,* 2025 WL 2793376 (2d Cir.

19

Oct. 1, 2025) (summary order) (quoting *Maiorana,* 153 F.4th at 314). Therefore, this Court should remand the case because the district court failed to orally pronounce the thirteen standard conditions at sentencing. *Id.*

As this Court noted in *Maiorana,* even though Munafo has a right to a hearing, he may elect to waive it on remand. "The District Court may provide [Munafo] with written notice of the conditions it intends to impose on remand. [Munafo] may elect *not* to demand a hearing regarding those conditions and insist on their pronouncement in his presence. He may instead elect to argue his position in writing only, or to simply agree with the imposition of the conditions proposed." *Maiorana,* 153 F.4th at 315 n.14. As currently imposed, however, the conditions may not remain.

## Conclusion

Based on the foregoing reasons, this Court should vacate the judgment of the district court and remand for resentencing, or, at the very least, to allow for notice and an opportunity for Munafo to object to the standard conditions of supervise release.

20

March 16, 2026                     Respectfully submitted,

                                   */s/*
                                   James P. Egan
                                   Assistant Federal Public Defender
                                   4 Clinton Square, 3rd Floor
                                   Syracuse, New York 13202
                                   (315) 701-0080

21

## Certificate of Compliance

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, counsel certifies that this brief complies with the type-volume limitations of Rule 32(a)(7), and contains 3,733 words, as counted by the word-processing system used to prepare this document.

*/s/*
James P. Egan
Assistant Federal Public Defender

22

## Certificate of Service

I, Renata Hohl, certify that today, March 16, 2026, one copy of Appellant's Brief was served upon Rajit S. Dosanjh, AUSA, 100 South Clinton Street, Syracuse, New York 13261, by ACMS with mail delivery to follow.

*/s/*
Renata Hohl

23